```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
HECTOR SANCHEZ and CARLOS BERNAL
ARAUJO[1],

                    Plaintiffs,           MEMORANDUM & ORDER
                                          13-CV-2549(JS)(GRB)
          -against-

LOCAL 660, UNITED WORKERS OF
AMERICA and METROPOLITAN PAPER
RECYCLING, INC.,

                    Defendants.
----------------------------------------X
APPEARANCES
For Plaintiffs:      Haluk Savci, Esq.
                     Tamir W. Rosenblum, Esq.
                     Mason Tenders District Counsel
                     520 Eighth Avenue, Suite 650
                     New York, NY 10018

For Defendants
Local 660:           No appearances.

Metropolitan Paper:  Milo S. Silberstein, Esq.
                     Marc David Braverman, Esq.
                     Dealy Silberstein & Braverman, LLP
                     225 Broadway, Suite 1405
                     New York, NY 10007
```

SEYBERT, District Judge:

Currently pending before the Court are: (1) defendant Metropolitan Paper Recycling, Inc.'s ("Metropolitan Paper") motion to dismiss (Docket Entry 9); and (2) plaintiffs Hector Sanchez and Carlos Bernal Araujo's (together, "Plaintiffs")

---

[1] For reasons that will be discussed infra, the Clerk of the Court is directed to correct the spelling of Mr. Bernal Araujo's name in the caption. Accordingly, the Court will use the corrected spelling throughout this Memorandum and Order.

motion to amend the Complaint (Docket Entry 17). For the following reasons, Metropolitan Paper's motion to dismiss is GRANTED IN PART and DENIED IN PART and Plaintiffs' motion to amend is GRANTED IN PART and DENIED IN PART.

BACKGROUND[2]

Plaintiffs commenced this action on April 26, 2013 against Metropolitan Paper and Local 660, United Workers of America ("Local 660," and together with Metropolitan Paper, "Defendants") for breach of a collective bargaining agreement ("CBA") and the federal duty of fair representation ("DFR").

Sanchez "has been a scale-house operator in the employ of Metropolitan and/or its predecessors since in or about 2000, and at all relevant times was represented for purposes of collective bargaining by Local 660." (Compl. ¶ 1.) Bernal Araujo "has been a driver in the employ of Metropolitan and/or its predecessors at various times since in or about 1994 and at all relevant times was represented for purposes of collective bargaining by Local 660." (Compl. ¶ 2.)

In the summer of 2012, Sanchez and other Metropolitan employees contacted Waste Material, Recycling, and General Industrial Local 108, LIUNA ("Local 108") regarding the

---

[2] The following facts are taken from Plaintiffs' original Complaint and are presumed true for the purposes of Metropolitan Paper's motion to dismiss. The Court will address additional proposed facts in the section regarding Plaintiffs' motion to amend.

2

mechanism to obtain that union's representation. (Compl. ¶ 8.) Shortly thereafter, Sanchez and others solicited signatures from their co-workers on "pledge cards" showing their support for Local 108. (Compl. ¶ 9.) On July 25, 2012, Local 108 filed a petition with the National Labor Relations Board ("NLRB"). (Compl. ¶ 9.) This petition was withdrawn, however, as untimely. (Compl. ¶ 9.) On or about July 31, 2012, Local 660 and Metropolitan entered into a new CBA, preventing Local 108 from filing a petition. (Compl. ¶ 9.)

On or about August 7, 2012, Metropolitan Paper began investigating employees in an attempt to determine who had facilitated the filing of Local 108's petition. (Compl. ¶ 10.) Shortly thereafter, Sanchez, Bernal Araujo, and others signed cards seeking to de-authorize Local 660 from collecting dues as a condition to employment. (Compl. ¶ 11.) On the same day that the de-authorization petition was filed, Metropolitan terminated Sanchez. (Compl. ¶ 12.)

On September 4, 2012, Sanchez received a call from Local 116 President and Local 660 agent Vinnie Sombrotto inviting him to dinner. (Compl. ¶ 17.) Sombrotto offered to assist Sanchez in regaining his job, but only if Sanchez proffered false testimony to the NLRB that Sanchez and others coerced employees to sign the cards supporting the de-authorization petition. (Compl. ¶ 18.) Sanchez later filed

NLRB charges against Defendants, which were settled based upon Sanchez being reinstated and given partial back pay. (Compl. ¶ 20.) He was not employed from August 29, 2012 through February 20, 2013. (Compl. ¶ 1.)

Similarly, also on September 4, 2012, Bernal Araujo was told he was being laid off, despite the fact that the CBA required that lay-offs occur in seniority order and that the employer was prohibited from terminating an employee absent "just cause." (Compl. ¶¶ 13-14.) "When [Bernal Araujo] contacted Local 660 representatives for them to file a grievance for him, he was told by union representative Eddie Gonzales that the employer suspected him of contacting Local 108." (Compl. ¶ 15.) Local 660 denied Bernal Araujo representation despite his continued solicitation. (Compl. ¶ 15.) Bernal Araujo was ultimately allowed to return to work. (Compl. ¶ 16.) He was not employed from September 4, 2012 through November 5, 2012. (Compl. ¶ 2.)

Plaintiffs now bring claims against Metropolitan for unlawful discharge and against Local 660 for violation of its duty of fair representation.

## DISCUSSION

The Court will first address Metropolitan Paper's motion to dismiss before turning to Plaintiffs' motion to amend.

4

I. Metropolitan Paper's Motion to Dismiss

   A. Legal Standard

In deciding Rule 12(b)(6) motions to dismiss, the Court applies a "plausibility standard," which is guided by "[t]wo working principles." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); accord Harris v. Mills, 572 F.3d 66, 71-72 (2d Cir. 2009). First, although the Court must accept all allegations as true, this "tenet" is "inapplicable to legal conclusions;" thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678; accord Harris, 572 F.3d at 72. Second, only complaints that state a "plausible claim for relief" can survive a Rule 12(b)(6) motion to dismiss. Iqbal, 556 U.S. at 679. Determining whether a complaint does so is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.; accord Harris, 572 F.3d at 72.

Furthermore, the Court is confined to "the allegations contained within the four corners of [the] complaint." Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 71 (2d Cir. 1998). This has been interpreted broadly to include any document attached to the Complaint, any statements or documents incorporated in the Complaint by reference, any document on which the Complaint heavily relies, and anything of which

5

judicial notice may be taken. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002) (citations omitted); Kramer v. Time Warner Inc., 937 F.2d 767, 773 (2d Cir. 1991).

B. Metropolitan Paper's Motion to Dismiss Sanchez's Claims

Metropolitan Paper originally moved to dismiss Sanchez's claims as barred by the doctrine of accord and satisfaction. (Metro.'s Br. to Dismiss, Docket Entry 11, at 4-6.) On October 4, 2013, however, Metropolitan Paper also filed a letter, requesting that the Court either allow it to submit supplemental briefing or consider the letter as a supplemental brief. (Metro.'s Supp. Br., Docket Entry 15, at 1.) In that letter, Metropolitan Paper asserts that Sanchez's claim is subject to a six-month statute of limitations, and is therefore time-barred. (Metro.'s Supp. Br. at 1-2.) Plaintiffs filed an opposition to that letter on October 10, 2013. (Pl.'s Reply to Supp. Br., Docket Entry 16.) On October 15, 2013, this Court issued an electronic Order, deeming Metropolitan Paper's letter a supplemental brief but denying any additional briefing on the matter. (See Oct. 15, 2013 Electronic Order.) The Court now finds that Sanchez's claims are barred by the applicable statute of limitations, and therefore will not address Metropolitan Paper's argument regarding accord and satisfaction.

Hybrid claims against an employer and a union, such as Sanchez raises here, are subject to a six-month statute of

limitations.  See McLeod v. Verizon N.Y., Inc., --- F. Supp. 2d ----, 2014 WL 502260, at *6 (E.D.N.Y. Feb. 1, 2014) ("[T]he appropriate statute of limitations for 'hybrid' actions, i.e., cases involving both claims against the employer under Section 301 and claims against the union for breach of the duty of fair representation, is six months."); accord Martinez v. Caravan Transp., Inc., 253 F. Supp. 2d 403, 408 (E.D.N.Y. 2003).  "The six-month clock begins to run from the time when the union member knew or reasonably should have known that a breach of the duty of fair representation had occurred."  McLeod, 2014 WL 502260, at *6 (internal quotation marks and citation omitted).

Here, Plaintiffs primarily assert that the statute of limitations may be "tolled based upon an employee's good faith attempt to exhaust the grievance procedure."  (Pl.'s Reply to Supp. Br. at 2 (quoting Lucas v. Mountain States Tel. & Tel., 909 F.2d 419, 421-22 (10th Cir. 1990); citing Magallanez v. Eng'rs & Scientists, Local 20, 2012 U.S. Dist. LEXIS 173415, at *8-9 (E.D. Cal. 2012).)  However, courts have distinguished between tolling to exhaust the internal grievance process versus tolling for appeals, particularly to the NLRB.  See Austin v. Gen. Motors Corp., No. 94-CV-0832, 1995 WL 866220, at *8 (W.D.N.Y. Dec. 1, 1995) ("The statute of limitations in a hybrid 301 case will be tolled while a union member pursues his or her internal union remedies." (emphasis added)); compare 17 A.L.R.

7

Fed. 2d 523 (discussing tolling for hybrid claims "because of a union member's pursuit of contractual or internal union remedies") with 36 A.L.R. Fed. 2d 213 (discussing tolling for hybrid claims for "other" reasons, including appeal to the NLRB).

Courts in this Circuit have specifically noted that the "bringing of the NLRB charge establishes that [the plaintiff] had actual knowledge of the breach" by that date. Kavowras v. N.Y. Times Co., 328 F.3d 50, 55 (2d Cir. 2003). Thus, there is no additional tolling at that point. See LaVigna v. WABC Television, Inc., No. 92-CV-4330, 1993 WL 288206, at *2 (S.D.N.Y. July 23, 1993) ("[N]umerous courts have held that filing a claim with the NLRB does not toll the statute of limitations for the purposes of a subsequent federal court action."). Sanchez filed a charge with the NLRB, through Local 108, on October 15, 2012. (Metro.'s Br. to Dismiss at 3[3].) The action was commenced more than six months later, on April 26, 2013. Accordingly, Metropolitan Paper's motion to dismiss Sanchez's claim against it is GRANTED. Although Local 660 has

---

[3] Plaintiffs have not disputed that the date set out in Metropolitan Paper's brief is accurate. Notably, Metropolitan Paper has also submitted an affidavit setting out October 15, 2012 as the date that Sanchez filed a charge with the NLRB. However, as noted previously, affidavits of this nature are outside of the pleadings and inappropriate at the motion to dismiss stage. In fact, Metropolitan Paper has submitted several affidavits in support of its motion. The Court will not consider such documents at this stage of the litigation.

8

not appeared in the action, it is clear that Sanchez's claim is time-barred, and therefore his claim is DISMISSED WITH PREJUDICE.

C. Metropolitan Paper's Motion to Dismiss Bernal Araujo's Claims

Next, Metropolitan Paper moves to dismiss Bernal Araujo's claims because he failed to exhaust his remedies pursuant to the subject CBA. The Court disagrees.

The CBA[4] provides that, if a grievance arises, the employee must first try to "informally resolve the grievance with his supervisor." (CBA § 7.1) If the employee is unsuccessful, he must then "submit the grievance in writing to the site manager within five (5) days of the occurrence of the grievance." (CBA § 7.1) Metropolitan Paper argues that Bernal Araujo failed to take either of these steps. (Metro.'s Br. to Dismiss at 7.) Plaintiffs counter that exhaustion is not required when the union breaches its duty of fair representation in its administration of the grievance process.

"'[B]efore an employee may sue her employer for breaching a CBA, that employee is required to attempt to exhaust any grievance or arbitration remedies provided in the collective bargaining agreement.'" McLeod, 2014 WL 502260, at *5 (quoting

---

[4] The CBA is incorporated into the Complaint by reference, and can also be found attached as Exhibit 8 to the Gutierrez Declaration. (Docket Entry 10 at 39.)

9

Doyle v. United Airlines, Inc., 914 F. Supp. 2d 325, 338 (E.D.N.Y. 2012)). However, "[t]he employee's failure to exhaust will not bar a hybrid action as long as he can prove that the union has breached its duty of fair representation in failing to pursue his grievance." Vera v. Saks & Co., 424 F. Supp. 2d 694, 702-03 (S.D.N.Y. 2006); accord Doyle, 914 F. Supp. 2d at 338. "In order to be excused from the exhaustion requirement based on a union's breach of the duty of fair representation, the employee must adequately plead and eventually prove that breach, even if only the employer is sued." Vera, 424 F. Supp. 2d at 705.

Breach of the duty of fair representation "occurs . . . when a union's conduct toward one of its members 'is arbitrary, discriminatory or in bad faith' or 'when [the union] causes an employer to discriminate against employees on arbitrary, hostile or bad faith grounds.'" Owens v. N.Y.C. Dep't of Sanitation, No. 11-CV-8297, 2013 WL 150245, at *6 (S.D.N.Y. Jan. 15, 2013) (alteration in original) (quoting Ramey v. Dist. 141 Int'l Ass'n of Machinists & Aerospace Workers, 378 F.3d 269, 277 (2d Cir. 2004)). Here, Bernal Araujo adequately alleges that Local 660 breached its duty of fair representation by discriminating against him based upon his support of Local 108. At this stage, this is enough to at least plausibly suggest a possible claim for Local 660's violation of its DFR,

10

thereby potentially excusing him from failing the exhaust the remedies provided by the CBA. Accordingly, Metropolitan Paper's motion to dismiss Bernal Araujo's claim for failure to exhaust is DENIED.

D. Metropolitan Paper's Motion for Sanctions

Finally, Metropolitan Paper moves for sanctions against Plaintiffs' counsel, asserting that Plaintiffs and counsel "misrepresent[ed] the underlying facts of this case." (Metro.'s Br. to Dismiss at 8.) The Court declines to impose sanctions.

Metropolitan Paper is correct that "pursuant to Rule 11, 'a party or an attorney has an affirmative duty to make reasonable inquiry into the facts and the law.'" (Metro's. Br. to Dismiss at 8-9 (quoting Perez v. Possee Comitatus, 373 F.3d 321, 324 (2d Cir. 2004).) However, Metropolitan Paper has ignored the procedural requirements necessary to bringing a motion for sanctions pursuant to Rule 11. Without determining the merits of Metropolitan Paper's motion, the Court notes that Metropolitan Paper failed to file its request for sanctions separately, as required. See McLeod, 2014 WL 502260, at *8 (denying Rule 11 motion for sanctions because the movant failed to follow required procedures, particularly failing to file the request as a separate motion). Rule 11(c)(2) "mandates that a motion for sanctions must be made separately from any other

11

motion." Id. (internal quotation marks and citation omitted). Moreover, Metropolitan Paper also failed to serve Plaintiffs with this motion twenty-one days before filing it in contravention of Rule 11(c)(2)'s "safe harbor" provision. See id. at *9 (citations omitted).

Accordingly, Metropolitan Paper's motion, insofar as it seeks sanctions against Plaintiffs' counsel, is DENIED.

## II. Plaintiffs' Motion to Amend

The Court next turns to Plaintiffs' motion to amend the Complaint. The Proposed Amended Complaint ("PAC") seeks to make two primary changes: (1) correct typographical errors and clarify the correct spelling of Carlos Bernal Araujo's name; and (2) add a claim regarding the failure of Metropolitan Paper to recall Bernal Araujo to employment following his April 2013 lay off. The Court will first address the applicable legal standard on a motion to amend before turning to the merits of Plaintiffs' motion.

### A. Legal Standard

Courts should grant leave to amend "when justice so requires." FED. R. CIV. P. 15(a)(2). Leave to amend should be granted unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility. See Milanese v. Rust-Oleum Corp., 244 F.3d 104, 110 (2d Cir. 2001). To determine whether an amended claim is futile, courts analyze

whether the proposed pleading would withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Dougherty v. Town of N. Hempstead Bd. of Zoning Appeal, 282 F.3d 83, 88 (2d Cir. 2002).

B. Analysis

Before turning to the substantive merits of Plaintiffs' motion, a few points are worth noting. First, Sanchez's claim has been dismissed with prejudice as time-barred. Accordingly, to the extent that Plaintiffs seek to re-allege his claims, the motion is DENIED in this respect. Second, Metropolitan Paper does not oppose the correction of typographical errors, and the Court does not find any issue in that regard. Accordingly, Plaintiffs' motion to amend to correct typographical errors is GRANTED.

Thus, with those points in mind, the Court turns to Plaintiffs' motion to add a new claim against Metropolitan Paper for failure to recall Bernal Araujo to employment after his April 2013 lay off. The relevant factual portions of the PAC are as follows:

> "Since the commencement of this action, Bernal Araujo has again been laid-off, specifically on April 27, 2013. The letter he received informing him of his lay-off states that he is being 'terminated' due to a reduction in the workforce. Bernal Araujo fairly understood this to mean that he maintained recall rights with Metropolitan. In or about September 2013, it came to his

13

>     attention that Metropolitan had re-employed
>     and/or hired employees with less seniority
>     than him and/or with no prior employment
>     experience with Metropolitan."
>
>     "Bernal Araujo's attempts to contact
>     Local 660 to address his claim that he has
>     been passed-over for recall with
>     Metropolitan have met with no response. His
>     efforts to contact Metropolitan directly
>     have met with (false) denials that anyone
>     has been returned to employment or hired; in
>     other instances, Metropolitan staff has
>     promised to get back to him, but never did."

(PAC ¶¶ 21-22.[5])

Like the others, Bernal Araujo's new allegations raise a hybrid claim. As such, Bernal Araujo must adequately allege "both that (1) the employer breached the CBA, and (2) the Union's decision not to pursue his grievance was 'arbitrary, discriminatory or in bad faith.'" Lalley v. Bathlehem Steel Corp., 703 F. Supp. 1047, 1050 (W.D.N.Y. 1989) (quoting Vaca v. Sipes, 386 U.S. 171, 190-92, 87 S. Ct. 903, 916-18, 17 L. Ed. 2d 842 (1967)). The Court finds that Bernal Araujo has sufficiently alleged his claim such that amendment is appropriate. In fact, Metropolitan Paper has not opposed the adequacy of Bernal Araujo's allegations, but rather inappropriately attacks the merits through reliance on affidavits and other considerations improper at the motion to dismiss stage.

---

[5] The PAC is attached as Exhibit A to Plaintiff's Br. in Supp. of Motion for Leave to Amend, Docket Entry 17-1, at 5.

In any event, Bernal Araujo has sufficiently alleged that Metropolitan Paper breached the CBA. He asserts that Metropolitan Paper failed to recall him following a lay off and that employees with less seniority were given priority and were "re-employed and/or hired." (PAC ¶ 21.) The CBA provides that seniority entitles an employee to preference in recalls. (CBA § 8.1.) Thus, Bernal Araujo has properly stated a claim in this regard.

Furthermore, "[t]o state a claim for a violation of the duty of fair representation, the plaintiff must allege that (1) the union's 'actions or inactions are either arbitrary, discriminatory, or in bad faith' and (2) 'a causal connection between the union's wrongful conduct and their injuries.'" Jiggetts v. Local 32BJ, SEIU, No. 10-CV-9082, 2011 WL 4056312, at *5 (S.D.N.Y. Aug. 10, 2011) (quoting Vaughn v. Air Line Pilots Ass'n, Int'l, 604 F.3d 703, 709 (2d Cir. 2010)). Bernal Araujo's allegations that Local 660 essentially ignored his requests to grieve his issue, presumably on the basis of Bernal Araujo's perceived alliance with Local 108, causing his inability to work for Metropolitan Paper further, are satisfactory. (PAC ¶ 22.) See Fagundes v. Lane, No. 12-CV-1634, 2014 WL 1276373, at *5 (E.D.N.Y. Mar. 27, 2014) (noting that a claim for breach of the DFR does not required heighted pleadings); Thomas v. Little Flower for Rehab. & Nursing, 793 F.

15

Supp. 2d 544, 548 (E.D.N.Y. 2011) ("A union acts arbitrarily in failing to initiate or process a grievance when it ignores or perfunctorily presses a meritorious claim." (internal quotation marks and citation omitted)).

Accordingly, Plaintiffs' motion to amend is GRANTED in this regard.

## CONCLUSION

Metropolitan Paper's motion to dismiss is GRANTED IN PART and DENIED IN PART. It is GRANTED as to dismissal of Sanchez's claims. Likewise, Sanchez's claim against Local 660 is DISMISSED. Those claims are DISMISSED WITH PREJUDICE and the Clerk of the Court is directed to terminate him as a Plaintiff in this action. Metropolitan Paper's motion to dismiss Bernal Araujo's claims is DENIED. Furthermore, Metropolitan Paper's motion for sanctions against Plaintiffs' counsel is DENIED.

[BOTTOM OF PAGE INTENTIONALLY LEFT BLANK]

Plaintiffs' motion to amend is also GRANTED IN PART and DENIED IN PART. It is DENIED insofar as it seeks to re-allege Sanchez's time-barred claims. It is otherwise GRANTED. The Clerk of the Court is directed to correct the spelling of Carlos Bernal Araujo's name on the docket and to docket the Proposed Amended Complaint as the operative document to the extent consistent with this Memorandum and Order.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated: June 6, 2014
       Central Islip, NY